IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE LAW OFFICES OF JOEL J. KOFSKY, P.C.** | : | |
| *Plaintiff,* | : | **Civil Action No.** |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CORNEJO LAW GROUP** | : | |
| | : | |
| **and** | : | |
| | : | |
| **ANTHONY CORNEJO, ESQ.** | : | |
| *Defendants.* | : | |

## COMPLAINT

Plaintiff, The Law Offices of Joel J. Kofsky, P.C. ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, Cornejo Law Group and Anthony Cornejo, Esquire (collectively "Defendants"), and in support alleges as follows:

## INTRODUCTION

1.      This action arises from Defendants' unauthorized use of Plaintiff's trademark in connection with Defendants' legal services.

2.      Plaintiff and Defendants both operate in the field of personal injury.

3.      Plaintiff owns valuable trademark rights associated with his law practice and legal services.

4.      Plaintiff uses the trademark for advertising in Pennsylvania, New Jersey and surrounding states.

5.      Defendants adopted and used Plaintiff's trademark to create a confusingly similar domain name, as well as social media advertisements in connection with their legal services.

6.     Defendants' use of the infringing domain name and advertisements is likely to cause confusion, mistake, and deception among consumers and prospective clients regarding the affiliation, sponsorship, source, or origin of Defendants' services.

7.     Defendants' conduct constitutes trademark infringement, unfair competition, and related violations of federal and Pennsylvania law.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Langham Act, 15 U.S.C. §§ 1051, et seq.

9.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10.     The Court has personal jurisdiction over Defendants because Defendants established minimum contacts with Pennsylvania, and the exercise of jurisdiction comports with due process. See *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

11.     Likewise, this Court possesses personal jurisdiction over Defendants because Defendants purposefully operate an interactive website accessible to Pennsylvania consumers, including consumers within this District, and Defendants' use of that website causes confusion and injury in Pennsylvania.

12.     Moreover, Defendants direct and/or maintain social media advertising accessible to Pennsylvania consumers, including consumers within this District, which likewise causes confusion and injury in Pennsylvania.

13.     Upon information and belief, Defendants purposefully directed commercial activity into Pennsylvania by operating www.lawshark956.com domain (the "Infringing Domain") as an

2

interactive commercial platform through which consumers can submit intake/contact requests and through which Defendants accepts or processes payments for legal services.

14. Venue is proper pursuant to 28 U.S.C. §§ 1391 because substantial acts giving rise to Plaintiff's claims occurred in this District, and Defendants' conduct caused injury in this District.

## PARTIES

15. Plaintiff is a professional corporation established under the laws of Pennsylvania, operating in the field of personal injury with a principal place of business located at 1500 John F. Kennedy Boulevard, Suite 550 Philadelphia, PA 19102.

16. Upon information and belief, Defendant, Cornejo Law Group, is a personal injury law office operated by Anthony Cornejo, Esquire, with a principal place of business located at 624 N, Frontage Road, Suite 1, Brownsville, TX 78521.

17. Upon information and belief, Defendant, Anthony Cornejo, Esquire ("Cornejo"), is an attorney barred in the State of Texas with a principal place of business located at 624 N. Frontage Road, Suite 1, Brownsville, TX 78521.

## FACTS

18. For the last thirty (30) years Plaintiff, by and through Joel J. Kofsky, Esquire, represented victims of various negligence actions across Pennsylvania.

19. Plaintiff developed a reputation of high quality and consistent work on behalf of its clients.

20. Plaintiff owns the U.S. Trademark Registration No. 4620744 (Serial No. 86223572), for "LAW SHARK" (the "Law Shark Trademark").

3

21.     On March 17, 2014, Plaintiff filed the Law Shark Trademark with the United States Patent and Trademark Office.

22.     On October 14, 2014, the United States Patent and Trademark Office registered the Law Shark Trademark.

23.     The registration of the Law Shark Trademark with the United States Patent and Trademark Office provided the entire world, including Defendants, with constructive notice the trademark rights.

24.     The Law Shark registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. §1065.

25.     Since 2014, Plaintiff consistently and continuously, used the Law Shark Trademark in commerce.

26.     As a result of the long-term use and promotion of the Law Shark Trademark, the Law Shark Trademark (and Plaintiff's business) has developed substantial goodwill and Plaintiff has acquired valuable common law rights in the Law Shark Trademark.

27.     The Law Shark Trademark is highly valued by Plaintiff, and Plaintiff has taken extensive measures to preserve and protect the substantial, and valuable business goodwill that is represented by the Law Shark Trademark rights, all in order to ensure that his rights with respect to his intellectual property are not infringed upon, and to ensure that his business goodwill is protected to the full extent of the law.

28.     The Law Shark Trademark rights are distinctive and serve to identify and indicate the source of Plaintiff's services provided to the public.

29.     The Law Shark Trademark rights acquired distinctiveness through Plaintiff's long-term use and promotion of the trademark and the services rendered under the trademark.

30. Plaintiff advertises the Law Shark Trademark in Pennsylvania, New Jersey and surrounding states.

31. As a result of this long-term use and promotion of the Law Shark Trademark rights, the public in Pennsylvania, New Jersey and surrounding states widely recognizes and associates the Law Shark Trademark rights with Plaintiff, its licensees, and/or their services.

**A.    Defendants' Unauthorized Use of the Plaintiff's Trademark**

32. Notwithstanding Plaintiff's rights in the Law Shark Trademark, Defendants, by and through Cornejo's actions, without Plaintiff's authorization or permission, adopted and used the trademark in its advertising, social media, blog posts, and various media articles to promote its business.

33. Upon information and belief, since at least July 20, 2025, Defendants unlawfully used Plaintiff's Law Shark Trademark on various platforms, including but not limited to the World Wide Web, Instagram and Facebook.

34. In or around April of 2026, Plaintiff telephoned Defendants, advising Defendants of the Law Shark Trademark and requesting that Defendants cease its infringement upon the same.

35. Defendants did not take any actions to cease its infringement.

36. On April 10, 2026, Plaintiff sent Defendants a Removal Request asking Defendants to acknowledge Plaintiff's Law Shark Trademark, to cease unlawful usage of the Law Shark Trademark, and close and/or remove and/or transfer the Infringing Domain. *A true and correct copy of the April 10, 2026, Letter is attached hereto as Exhibit "A."*

37. Defendants did not respond to Plaintiff's April 10, 2026 letter.

38. Defendants continue to use Plaintiff's Law Shark Trademark without Plaintiff's authorization or permission.

5

39.     Defendants, at no point, obtained permission or been authorized to use Plaintiff's Law Shark Trademark in its advertising or other public posts.

40.     Defendants' unlawful activities have resulted in significant damage to Plaintiff and, unless restrained by this Court, will continue to result in unjust enrichment to Defendants and serious and irreparable harm and injury to Plaintiff.

41.     Moreover, Defendants' unlawful activities have lessened and diluted the Plaintiff's Law Shark Trademark and, unless restrained by this Court, will continue to lessen, and dilute the strength and distinctiveness of the Law Shark Trademark rights.

42.     Plaintiff has no adequate remedy at law.

**B.     Defendants' Trademark Infringement and Unfair Competition**

43.     Upon information and belief, Defendants purposefully directed commercial activity into Pennsylvania by operating the Infringing Website as an interactive commercial platform through which consumers can submit intake/contact requests and through which Defendants accept or process payments for legal services.

44.     Upon information and belief, Defendants purposefully directed commercial activity into Pennsylvania by utilizing social media advertising, which includes the Law Shark Trademark.

45.     Upon information and belief, Defendants' operation of an interactive website to solicit and transact business, including the knowing and repeated transmission of information through the site, and social media advertising supports the exercise of specific jurisdiction in Pennsylvania. *See Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).

46.     Upon information and belief, Defendants adopted the Infringing Domain and social media advertising with knowledge of Plaintiff's Law Shark Trademark rights and prior use.

47.     Defendants' use of the Law Shark Trademark is likely to confuse consumers into believing that Plaintiff is the law office providing services being offered by Defendants, or that Plaintiff sponsors, or is in some way affiliated with Defendants.

48.     Defendants' unlawful activities have resulted in significant damage to Plaintiff and, unless restrained by this Court, will continue to result in unjust enrichment to Defendants and serious and irreparable harm and injury to Plaintiff, and are likely to cause prospective clients to be confused as to the source of the services being offered by Defendants, or cause consumers to believe that Defendants is affiliated with Plaintiff, or that Plaintiff sponsors or endorses Defendants' services.

49.     Defendants' unlawful activities have lessened and diluted Plaintiff's Law Shark Trademark, and unless restrained by this Court, will continue to lessen and dilute, the strength and distinctiveness of Plaintiff's Law Shark Trademark.

50.     Defendants' actions as alleged herein have caused and will cause Plaintiff irreparable harm for which money damages and other remedies are inadequate.

51.     Unless Defendants are restrained by this Court, Defendants' actions will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to Plaintiff, by, among other things:

     a.     Depriving Plaintiff of its statutory rights to exclusive use and control use of its trademark rights;

     b.     Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing services;

     c.     Causing the public to falsely associate Defendants with Plaintiff and/or the services Defendants provide;

7

d.   Causing incalculable and irreparable damages to Plaintiff's goodwill and diluting the capacity of its Law Shark Trademark to differentiate Plaintiff's services from others; and

e.   Causing significant financial loss and damages including lost profits and corrective advertising costs.

52.   Accordingly, in addition to other relief sought, Plaintiff is entitled to preliminary temporary and permanent injunctive relief against Defendants and all persons acting in concert with them.

## COUNT I[1]
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114; Lanham Act § 32(1))

53.   Plaintiff repeats and realleges all the foregoing paragraphs as though fully set forth herein.

54.   Plaintiff is the owner of the Law Shark Trademark rights, including the federal registration that has been set forth above.

55.   Defendants' unauthorized use of the Law Shark Trademark is likely to cause confusion, mistake, and/or deception as to the source, sponsorship or approval by Plaintiff of Defendants' services.

56.   The public is likely to believe that Defendants' services originate with Plaintiff, are licensed by Plaintiff, or are sponsored by, connected with, endorsed by, or related to Plaintiff.

57.   Defendants unauthorized use of the Law Shark Trademark constitutes a commercial use in interstate commerce.

---

[1] All Counts of Plaintiff's Complaint are asserted against both Defendants.

8

58.     Defendants' acts constitute federal trademark infringement in violation of Plaintiff's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

59.     Defendants' acts are in violation of 15 U.S.C. §1114.

60.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial damages and irreparable injury, the extent of damages and injury cannot be accurately computed at this time.

61.     Defendants' unlawful acts will continue to cause irreparable injury to Plaintiff unless enjoined.

62.     Accordingly, in addition to other relief sought, Plaintiff is entitled to preliminary, temporary and/or permanent injunctive relief.

## COUNT II
## FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125; Lanham Act § 43(a))

63.     Plaintiff repeats and realleges all the foregoing paragraphs as though fully set forth herein.

64.     Plaintiff is the owner of common law rights in the Law Shark Trademark.

65.     The acts of Defendants complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or its licensees of the Law Shark Trademark rights, or as to the origin, sponsorship or approval of Defendants' services, or commercial activities and the services, or commercial activities of any others who have license arrangements with Defendants and mistake as to the affiliation, connection, and association of Plaintiff and Defendants and those who have license arrangements with Defendants.

66.     Defendants' unauthorized use of the Law Shark Trademark constitutes a commercial use in interstate commerce.

67.     Plaintiff is the owner of the Law Shark Trademark rights, including common law rights as set forth above.

68.     Defendants' actions constitute unfair competition, false designation of origin, palming off, and false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer, substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

70.     Defendants' unlawful acts will continue to cause irreparable injury to Plaintiff unless enjoined.  Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## COUNT III
## COMMON LAW UNFAIR COMPETITION

71.     Plaintiff repeats and realleges all the foregoing paragraphs as though fully set forth herein.

72.     "The analysis for the federal and common law trademark infringement and unfair competition claims is virtually the same" *Flynn v. Health Advocate, Inc.*, 169 F. App'x 99, 101 (3d Cir. 2006).

73.     "A Pennsylvania common law cause for unfair competition is identical to the Langham Act, without the federal requirement of interstate commerce." *R.J. Ants, Inc. v. Marinelli Enterprises, LLC*, 771 F. Supp. 2d 475, 489 (E.D. Pa. 2011).

74.     Plaintiff is the owner of common law rights in the Law Shark Trademark.

75. The acts of Defendants complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or its licensees of the Law Shark Trademark rights, or as to the origin, sponsorship or approval of Defendants' services, or commercial activities and the services, or commercial activities of any others who have license arrangements with Defendants and mistake as to the affiliation, connection, and association of Plaintiff and Defendants and those who have license arrangements with Defendants.

76. Defendants' unauthorized use of the Law Shark Trademark constitutes a violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

77. Plaintiff is the owner of the Law Shark Trademark rights, including common law rights as set forth above.

78. Defendants' actions constitute unfair methods of competition and deceptive acts or practices in violation of the UTPCPL.

79. As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer, substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

80. Defendants' unlawful acts will continue to cause irreparable injury to Plaintiff unless enjoined.

81. Plaintiff is entitled to treble damages subject to this Court's discretion.

82. Plaintiff is entitled to injunctive relief.

83. Likewise, Plaintiff is entitled to attorneys' fees and costs.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

84.     Plaintiff repeats and realleges all the foregoing paragraphs as though fully set forth herein.

85.     Plaintiff is the owner of common law rights in the Law Shark trademark.

86.     The acts of Defendants complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' services, or commercial activities and the services, or commercial activities of any others who have license arrangements with Defendants and mistake as to the affiliation, connection, and association of Plaintiff and Defendants and those who have license arrangements with Defendants.

87.     Defendants' actions constitute trademark infringement in violation of the common law of the state of Pennsylvania.

88.     Defendants' unlawful past and future actions are profiting and will profit Defendants and are causing and will cause Plaintiff monetary damages and injury in amounts which cannot be accurately computed at this time.

89.     Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiff unless enjoined.

90.     Plaintiff is entitled to injunctive relief, to an award of its actual damages, including its attorney's fees and costs.

## COUNT V
## DECLARATORY JUDGMENT
### (28 U.S.C. §§ 2201-2202)

91.     Plaintiff repeats and realleges all the foregoing paragraphs as though fully set forth herein.

12

92.     An actual and justiciable controversy exists between Plaintiff and Defendants concerning ownership, validity, priority, and lawful use of the Law Shark Trademark.

93.     Defendants, through its use of the Infringing Domain and social media advertising, disputes or otherwise impairs or undermines Plaintiff's exclusive rights to use the Law Shark Trademark.

94.     Defendants' conduct has created uncertainty and insecurity concerning Plaintiff's exclusive rights to use the Law Shark Trademark.

95.     Pursuant to 28 U.S.C. §§ 2201-2202, Plaintiff seeks a declaration that:

   a.     Plaintiff owns valid and enforceable rights in the Law Shark Trademark;

   b.     Plaintiff possesses priority rights in the Law Shark Trademark;

   c.     Defendants has no lawful right to use the Law Shark Trademark;

   d.     Defendants' use of the Infringing Domain impinges Plaintiff's exclusive rights to the Law Shark Trademark;

   e.     Defendants' use of the Infringing Domain is likely to cause consumer confusion; and

   f.     Defendants' conduct violates the Lanham Act and Pennsylvania common law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

   a.     Award damages for Defendants' violation of the Lanham Act;

   b.     Award damages for Defendants' violation of the UTPCPL;

   c.     Award appropriate increases of damages pursuant to the Lanham Act and the UTPCPL;

13

d.    Award reasonable attorneys' fees;

e.    Award recoverable costs;

f.    Enjoin the Defendants and its officers, directors, members, managers, agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with the Defendants, from using Plaintiff's Law Shark Trademark rights in connection with its business, whether used in connection with internet-based advertising, promotional, or informational activity, or whether printed in hard copy, or in any other format;

g.    Order Defendants to discontinue the use of the Infringing Domain;

h.    Order Defendants to deliver up and destroy any advertising materials bearing the Law Shark Trademark, including but not limited to, all labels, packages, brochures, wrappers, advertisements, blogs, promotions and all other advertising materials in the custody or control of Defendants, pursuant to 15 U.S.C. § 1118;

i.    Order Defendants to account for and pay over to Plaintiff all damages sustained by Plaintiff and all profits obtained by Defendants as a result of its infringement and unfair competition;

j.    Declare that Plaintiff owns valid and enforceable rights in the Law Shark Trademark;

k.    Declare that Plaintiff possesses priority rights in the Law Shark Trademark;

l.    Declare that Defendants has no lawful right to use the Law Shark Trademark;

14

m.  Declare that Defendants' use of the Infringing Domain impinges Plaintiff's exclusive rights to the Law Shark Trademark;

n.  Declare that Defendants' use of the Infringing Domain is likely to cause consumer confusion;

o.  Declare that Defendants' conduct violates the Lanham Act and Pennsylvania common law; and

p.  Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial in this action for all claims so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

LAW OFFICES OF JOEL J. KOFSKY

Date:  June 17, 2026

By:   */s/      Glenn Valdes*
Glenn Valdes, Esq.
1500 John F. Kennedy Boulevard
Two Penn Center, Suite 550
Philadelphia, PA 19102

15

**VERIFICATION**

I, Joel J. Kofsky, Esquire, authorized agent of Plaintiff, Law Offices of Joel J. Kofsky, P.C., verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I under that I am subject to the penalties set forth in the 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.


Date: June 17, 2026

_____
JOEL J. KOFSKY